**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Lesia Melendez, Individually and as Guardian of R.S., a minor, )<br><br>Plaintiff, )<br>vs. )<br><br>Samuel Richardson and Chaz Easterlin, )<br><br>Defendants. ) | **C/A NO:**  2:26-cv-3256-DCN-MGB<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS SAMUEL RICHARDSON and CHAZ EASTERLIN**<br><br>**(*Jury Trial Demanded*)** |

Defendants Samuel Richardson and Chaz Easterlin (hereinafter collectively referred to as "Defendants"), hereby answer Plaintiff's Complaint as follows:

**FOR A FIRST DEFENSE**

1.      Defendants deny each and every allegation of the Complaint, except those allegations herein specifically admitted, qualified, or explained. Further, the answering Defendants specifically deny that they violated any constitutional or statutory right belonging to Plaintiff.

2.      Paragraph 1 is admitted upon information and belief.

3.      Defendants admit Paragraphs 2-4 upon information and belief.

4.      Defendants deny Paragraphs 5-7 and demand strict proof thereof.

5.      As to Paragraph 8, Defendants lack sufficient information to form a belief, and therefore, Defendants deny and demand strict proof thereof.

6.      Paragraphs 9-11 are admitted upon information and belief.

7.      Paragraph 12 is denied and Defendant demand strict proof thereof.

8. Paragraph 13 Defendants lack sufficient information to form a belief; therefore, Defendants deny and demand strict proof.

9. Defendants deny Paragraphs 14-26, including all sub-parts, and demand strict proof thereof.

10. Paragraph 27 does not require a response, but to the extent a response is required, Defendants refer to the responses in the foregoing paragraphs.

11. Defendants admit Paragraph 28.

12. Paragraphs 29 – 34 are denied and Defendants demand strict proof thereof.

13. As to Plaintiff's Prayer for Relief, including subparagraphs a-e, Defendants deny and demand strict proof thereof.

## FOR A SECOND DEFENSE

14. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

15. That the injury or damages suffered by Plaintiff, if any, were due to and caused by and was the direct and proximate result of the intervening and superseding negligence, willfulness, wantonness and recklessness of Plaintiff or others over whom the Defendants had no control, resulting directly and proximately in the damage of which Plaintiff complains and such constitutes a complete defense to all claims for negligence and/or gross negligence.

## FOR A THIRD DEFENSE

16. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

17.     Plaintiff's injuries or damages, if any, were the result of Plaintiff's own actions and conduct which she per the minor voluntarily chose and assumed the risk thereof, barring her from recovery herein.

## FOR A FOURTH DEFENSE

18.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

19.     Plaintiff has failed to take reasonable steps to mitigate her damages sustained, if any, and may not recover any damages that could have been avoided through reasonable mitigation.

## FOR A FIFTH DEFENSE

20.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

21.     As to any portion of the Complaint that may be interpreted as brought under the South Carolina Tort Claims Act, § 15-78-10, *et seq.*, of the South Carolina Code of Laws, Defendants specifically plead, including but not limited to, that:

a.     As an employee and officer of the State of South Carolina at the time alleged in the Complaint, acting within the scope of its official duties, Defendants are not liable for acts committed in this capacity and, therefore, the Complaint must be dismissed.

b.     Defendants specifically plead provisions of the South Carolina Code § 15-78-60(1)(2)(3)(4)(5)(6)(9)(17)(20)(23)(25) as a complete bar to the recovery by the Plaintiff herein.

c.      Defendants specifically plead the limitation on liability and prohibition against the recovery of punitive damages, as set forth in South Carolina Code § 15-78-120. Therefore,

Defendants plead South Carolina Code of Laws, § 15-78-10, *et seq.*, as a complete bar to Plaintiff's claims.

22.    Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 8, of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

23.    If any punitive damages are warranted against Defendants, which they are not, Defendants plead the recovery limits in section 15-32-530 of the South Carolina Code as an affirmative defense.

## FOR A SIXTH DEFENSE

24.    All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

25.    Defendants would show that an award of punitive damages violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that:

   a.   the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

   b.   any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

   c.   any award of punitive damages based upon the wealth of Defendants violates due process guarantees;

   d.   the jury's unfettered power to award punitive damages in any amount it chooses is

wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e. even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

f. the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of Defendants.

## FOR A SEVENTH DEFENSE

26. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

27. Defendants specifically plead immunity and qualified immunity as a complete bar to the allegations of the Complaint.

## FOR AN EIGHTH DEFENSE

28. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

29. Defendants deny that any constitutional right of Plaintiff has been violated and deny that they are, in any way, responsible for any willful or malicious acts towards Plaintiff.

## FOR A NINTH DEFENSE

30. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

31. That at all times relevant hereto, Defendants were acting as officers and officials of

the State of South Carolina, engaged in the performance of their official duties, and are, therefore, immune from liability and cannot be sued without an express waiver of sovereign immunity, which has not been granted.

## FOR A TENTH DEFENSE

32.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

33.     Defendants expressly deny that any facts or failures to act, as described in the Complaint, were committed or omitted maliciously, in bad faith, in a grossly negligent manner, or in a negligent manner, and therefore, Defendants are immune from suit.

## FOR AN ELEVENTH DEFENSE

34.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

35.     Defendants plead qualified immunity from suit under the holding of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), as a complete bar to any liability.

## FOR A TWELFTH DEFENSE

36.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

37.     Defendants are entitled to absolute immunity under *Long v. Seabrook*, 260 S.C. 562, 197 S.E.2d 659 (1973).

## FOR A THIRTEENTH DEFENSE

38.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

39. Plaintiff's claims are not cognizable pursuant to the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## FOR A FOURTEENTH DEFENSE

40. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

41. Plaintiff's claims are barred by the Public Duty Doctrine and, therefore, should be dismissed with prejudice.

## FOR A FIFTEENTH DEFENSE

42. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

43. Minor's illegal actions at the time of the incident as described in Plaintiff's Complaint, including, but not limited to, her arrest are the proximate cause for Plaintiff's alleged injuries and damages to the extent that such illegality render Defendants not liable in any way whatsoever to Plaintiff and this action must be dismissed as a matter of law.

## FOR A SIXTEENTH DEFENSE

44. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

45. Defendants' investigation into the facts of this case has not been completed and, therefore, they reserve any additional and further defenses as may be revealed by additional information during the course of any discovery and/or investigation, and as is consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays the Complaint be dismissed with costs and for such other and further relief as the Court may deem just and proper under the circumstances.

*RESPECTFULLY SUBMITTED,*

**SMITH ROBINSON HOLLER DuBOSE**
**& MORGAN, LLC**

By: _s/ H. Thomas Morgan, Jr._
H. Thomas Morgan, Jr., Fed ID No. 10189
*Attorney for Defendants Samuel Richardson and Chaz Easterlin*
935 Broad Street
Camden, South Carolina 29020
(803) 432-1992
tommy.morgan@smithrobinsonlaw.com

August 5, 2026